UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA

v.   No. 3:21-cr-22-BJB

JOHN SUBLESKI

\* \* \* \* \*

## MEMORANDUM OF CONFERENCE AND ORDER

The parties held an in-person hearing on April 23, 2021 before Judge Beaton. The Court's official reporter was Dena Legg. The following counsel participated:

For the United States: Bryan Calhoun (standing in for Joshua Judd).

For the Defendant:   Patrick J. Renn for John Subleski.

The Court and counsel discussed the status of the Defendant's case, detention conditions, and potential plea agreement. At the hearing, the Court did not issue any orders and the parties did not present any motions for the Court's consideration.

Based on that discussion with the parties, the Court **ORDERS**:

(1) Counsel shall confer regarding the appropriate next step in this case. Either party, or both, may ask the Court to set another in-person hearing, to consider a motion regarding the Defendant's detention, or to hold a telephonic status conference. If no such request has been submitted by May 7, 2021, the parties shall file a joint status report proposing dates for a telephonic status conference.

(2) As authorized by 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv), and in accordance with General Order 2021-03, the Court finds the period between **April 23, 2021 and May 7, 2021** should be and is excluded from the time within which the trial must commence under

the Speedy Trial Act.  The Court further finds that the ends of justice served by this delay outweigh the best interests of the public and the Defendant in a more speedy trial, because failure to allow this extension would deny counsel for the Defendant and United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006).  The Court does not grant this continuance "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

    (3)    The Defendant shall remain in **the custody** of the U.S. Marshal.

Benjamin Beaton, District Judge
United States District Court

April 23, 2021

Copies to:   Counsel of record
               Probation Office

Court Time:  31 min
Court Reporter: Dena Legg