**FILED**
JAMES J. VILT, JR. - CLERK
APR 30 2021
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISIVLLE

UNITED STATES OF AMERICA           PLAINTIFF

v.           CRIMINAL NO. 3:21-CR-00022-BJB

**JOHN SUBLESKI**           DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Michael A. Bennett, Acting United States Attorney for the Western District of Kentucky, and defendant, **JOHN SUBLESKI**, and his attorney, Pat Renn, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with a violation of Title 18, United States Code, Section 2101. Defendant further acknowledges that the Indictment in this case seeks forfeiture of pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), by reason of the offense charged in Count 1 of the Indictment.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Count 1 in this case. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

On January 6, 2021, the defendant John Subleski violated Title 18, United States Code, Section 2101, used a facility of interstate commerce, namely, the internet, Signal, and Facebook, with intent (1) to incite a riot; (2) to organize, promote, encourage, participate in, and carry on a riot; (3) to commit an act of violence in furtherance of a riot; and (4) to aid and abet any person in inciting and participating in and carrying on a riot and committing any act of violence in furtherance of a riot, and during the course of such use, and thereafter, performed and attempted to perform any other overt act, including, but not limited to, travelling to the intersection of Main Street and 2nd Street Bridge to Indiana, and shooting a rifle at an automobile. Subleski made several posts to social media intending to incite others to engage in violence and committed an act of violence by firing his rifle during a public disturbance involving (1) an act or acts of violence by one or more persons part of an assemblage of three or more persons, which act or acts shall constitute a clear and present danger of, or shall result in, damage or injury to the property of any other person or to the person of any other individual or (2) a threat or threats of the commission of an act or acts of violence by one or more persons part of an assemblage of three or more persons having, individually or collectively, the ability of immediate execution of such threat or threats, where the performance of the threatened act or acts of violence would constitute a clear and present danger of, or would result in, damage or injury to the property of any other person or to the person of any other individual.

4. Defendant understands that the charge to which he will plead guilty carries a maximum term of imprisonment of 5 years, a maximum fine of $250,000, and a 3 year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charge to which he will plead guilty he may be

ordered to forfeit as alleged in the Indictment pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), by reason of the offense charged in Count 1 of the Indictment.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charge[s] against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury

3

would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9. Restitution is not at issue in this case.

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100 to the United States District Court Clerk's Office by the date of sentencing.

11. At the time of sentencing, the United States will

-agree that a sentence of time served at the date of sentencing is the appropriate sentence.

-agree that a term of supervised release is to be determined by the Court at sentencing. Both parties may advocate for their position as to the term of supervised release.

-agree that a reduction of 2 or 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b) is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-agree not to charge Subleski with a violation of Title 18, United States Code, Section 922(g)(3).

-demand forfeiture of a black Ruger AR 556 rifle serial number (hereinafter SN) 855-40268, Heritage Rough Rider 6-shot .22 revolver SN H214753, Palmetto 7.62mm rifle model #PSAK47 SN AKB014627,Glock 19 Gen 4 SN BBLM329, and a DDI 7.62 rifle HU47 SN 47B0982, and ammunition.

12. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

   A. The Applicable Offense Level should be determined as follows:

   This offense has no applicable guideline.

   B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c).

5

Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

13. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

14. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

15. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed and title to all assets has fully vested in the United States. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

16. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to

6

defendant, arising out of the investigation or prosecution of the offense covered by this Agreement.

17. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

19. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

20. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is

7

in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

21. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
Acting United States Attorney

By: _____     4/30/21
Joshua Judd                               Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____     4-30-21
John Subleski                             Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

8

_____  _____
Pat Renn                         4/30/2021
Counsel for Defendant            Date

MAB:JDJ

# FINANCIAL STATEMENT



United States Attorney's Office
Western District of Kentucky

---

### A. GENERAL INSTRUCTIONS - READ CAREFULLY

The purpose of this form is to give a complete and accurate picture of your financial condition so we may decide how to collect financial claims against you. If you are married, list assets held by your spouse, as well as yourself, and show whether each asset is owned individually or jointly. Before completing and submitting this form, you may discuss it with your own attorney. By completing and signing this financial statement, you acknowledge that the information provided will affect action by the United States Department of Justice and further understand that any false answers can lead to the termination or nullification of any potential settlement agreement reached and/or prosecution for false statements under Title 18, United States Code, Section 1001 (maximum prison sentence of five (5) years and/or a fine of not more than $250,000).

Each question must be answered completely. If the answer is "none", you must state "none." DO NOT leave any question unanswered.

Please date and initial each page, and sign the last page and accompanying Release. If there is insufficient space on the form, please attach additional sheets as necessary, and date and initial each additional page.

### B. ACKNOWLEDGMENT, IF REPRESENTED BY COUNSEL

If I am represented by retained or appointed counsel, I acknowledge having reviewed the foregoing instructions with my counsel. My counsel's name and telephone number:_____

---

Name of Person Completing Form:

_____
First                          Middle                          Last

My Signature: _____ Date_____

Authority for the solicitation of the requested information includes one or more of the following: 5 U.S.C. §§ 301, 901 (see Note, Executive Order 6166, June 10, 1933); 28 U.S.C. § 501-530A; 28 U.S.C. §§ 1651, 3201-3206; 31 U.S.C. § 3701-3731; 44 U.S.C. § 3101; 28 C.F.R. §§ 0.160, 0.171 and Appendix to Subpart Y; 18 U.S.C. § 3664(d)(3); and Fed.R.Civ.33(a).

The principal purpose for gathering this information is to evaluate your ability to pay the government's claim or judgment against you. Routine uses of the information are established in the following U.S. Department of Justice Case File Systems published in Vol. 42 of the Federal Register, Justice/CIV-001 at page 53321; Justice/TAX-001 at page 15347; Justice/USA-005 at pages 53406-53407; Justice/USA-007 at pages 53406-53410; Justice/CRIM-016 at page 12774. Disclosure of the information is voluntary. If the requested information is not furnished, the United States may seek disclosure through other means.

Revised 1/19/17

Page 1