UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CASE NO. 3:21-CR-00022-BJB |
| JOHN SUBLESKI | DEFENDANT |

**DEFENDANT, JOHN SUBLESKI'S SENTENCING MEMORANDUM**

*** *** *** *** *** *** ***

Comes the Defendant, **JOHN SUBLESKI** (hereinafter "Subleski"), by counsel, and respectfully submits the following Sentencing Memorandum:

On February 9, 2021, a criminal complaint was filed against Subleski charging him with violating the Riot Act, 18 U.S.C. §2101. Subleski had a detention hearing and was ordered detained pending resolution of his case. On February 23, 2021, a single count Indictment was filed charging Subleski with violating the Riot Act based on conduct that occurred on or about December 29, 2020 to January 7, 2021. A violation of the Riot Act is a Class D felony (18 U.S.C. §3561(c)(1)). Subleski is eligible for probation of not less than one (1), nor more than five (5) years. The United States Probation Office determined there is no applicable guideline offense level for a violation of the Riot Act. Accordingly, the Court should consider the sentencing factors set forth in 18 U.S.C. §3553(a) to determine a reasonable sentence that is sufficient, but not greater than necessary, to comply with the sentencing statute.

On April 30, 2021, Subleski entered a plea of guilty to the single count in the Indictment. Subleski's plea agreement is a binding plea agreement pursuant to Rule 11(c)(1)(C). At the time of

sentencing, the Government and Subleski will agree that a sentence of time served is the appropriate sentence. The parties further agree that a term of supervised release will be determined by the Court. The Court may impose a term of supervised release of not more than three (3) years. 18 U.S.C. §3583(b)(2). Since the offense is a Class D felony, the guideline range for a term of supervised release is one (1) year to three (3) years. U.S.S.G. §5D1.2(a)(2).

A sentence of time served - - approximately five and one-half months (166 days), and followed by supervised release up to three (3) years), will satisfy the sentencing factor of §3355(a). Subleski will be a convicted felon, and unable to possess any firearms or ammunition.

Application of 18 U.S.C. §3553(a)

<u>Nature of the Offense</u>

Beginning in or about May 2020, Breonna Taylor was killed by LMPD officers executing a no knock warrant. Breonna Taylor's death resulted in protests throughout Louisville. Numerous outside groups, including militia groups, supporting protestors, and opposing protestors, came to Louisville in the months following Breonna Taylor's death. Subleski participated in supporting the protestors and acted as security for the protestors. Subleski's security group was known by protestors as "United Pharaoh's Guard" (UPG). Several outside groups who were opposed to protestors presented threats - - verbal and physical - - to protestors.

On January 6, 2021, riots occurred at the United States Capitol in Washington, D.C. Rioters stormed past Capitol law enforcement officers and entered the Capitol building.

Subleski utilized social media accounts to post messages, videos and pictures. The Presentence Investigation Report (hereinafter "PSR") lists social media posts by Subleski. Included in the summary are posts Subleski made following the riots in Washington, D.C. on January 6, 2021. (See numerical paragraph 10, at page 5). The PSR also notes protestors blocked the intersection,

closing traffic on Main Street at the Second Street Bridge. An SUV drove toward the protestors at a high rate of speed, and crossed the blocked intersection. Subleski fired his rifle at the vehicle. (See numerical paragraph 12, at page 5). Subleski left the scene, but did so after speaking with his attorney who advised Subleski to leave and go to his office.

      Subleski met with federal and local law enforcement officers on at least four occasions. On September 4, 2020, Subleski was interviewed by FBI agents. The agents came to Subleski's house to speak with him and view a "RPG" that had been posted as a photograph by Subleski. The agents learned it was an airsoft imitation and not a real RPG. Following the visit, one of the agents contacted Subleski on his cell phone and asked him to meet at the Kentucky State Fairgrounds. Subleski did so and the agent returned items seized during Subleski's August 2020 arrest. The items included an AK- 47; a Glock handgun; multiple knives and "flashbangs." The "flashbangs" like the "RPG" were airsoft imitations. On September 23, 2020, Subleski was again interviewed by FBI agents. Following the interview, the agents returned firearms and other property to him. On or about the end of September 2020, or the first of October 2020, Subleski was moving out of his former girlfriend's apartment. The same two FBI agents came to the apartment and spoke with Subleski. Subleski had an ongoing relationship with the agents and the three exchanged information about how protestors could safely, and lawfully, protest. Finally, when Subleski was arrest on February 11, 2021, he was taken to the FBI Headquarters. While at the headquarters he was interviewed by the same two agents. The interview lasted just over two hours. Subleski provided information to the agents. Subleski told the agents his online persona - - like so many others on social media - - did not represent who he really was, or how he may act. Subleski repeatedly told the agents he had no intention of harming law enforcement officers, or damaging public property.

Subleski's Personal and Criminal History

This is Subleski's first felony. Subleski acknowledges his offense conduct includes the use of a firearm. Subleski's conviction of a felony will deny him the opportunity to ever possess a firearm or ammunition in the future. Subleski's prior criminal history includes a conviction for failure to maintain insurance (March 2010); speeding, possession of marijuana, operating on a suspended license, and violation of an EPO (February 2010); and alcohol intoxication (February 2012). Subleski does have a pending case related to his actions during a protest accusing him of obstructing a highway, disorderly conduct, resisting arrest, and fleeing or evading police, 2nd degree.[1]

Subleski was born on July 11, 1988 in Toledo, Ohio. He has two sisters, both of whom reside in Indiana. Subleski's parents divorced after 15 years of marriage. Following the divorce, Subleski alternated living between his mother and father.

Subleski graduated from Jeffersonville High School, in Jeffersonville, Indiana in 2007. Prior to his arrest, Subleski was employed at Computer Share as a quality coach, earning $40,000.00 per year. Subleski is in good physical and mental health. Subleski's undersigned counsel has been in contact with Subleski's mother and father, as well as numerous friends and co-workers - - all of whom are very supportive of Subleski.

Subleski has reached a number of important benchmarks, including family and community support, good education, and a very good employment history. Each of these benchmarks should be considered in determining a reasonable sentence. Although the benchmarks will not guarantee Subleski will not reoffend, they are significant factors that weigh against recidivism. The United States Probation Officer assigned to Subleski will be able to monitor and ensure his good behavior.

---

[1] During his arrest, Subleski was in lawful possession of an AK-47, a Glock 19, multiple knives, and "flashbangs." As noted above, each of these items were returned to Subleski by the FBI.

4

Need for the Sentence Imposed

Subleski has entered a plea of guilty to violating the Riot Act. Upon reflection, Subleski recognizes his reckless conduct could have resulted in harm to others. The Court should consider the seriousness of Subleski's offense, promote respect for the law, and provide a just punishment. Subleski believes his agreement with the Government takes into account these factors, and is a just punishment. Subleski's arrest was well publicized and will be a deterrent to criminal conduct generally. Further, Subleski is confident, based on the benchmarks identified above that the public will be protected from any further crimes. Although Subleski wishes to continue his educational and vocational training, he is confident this training can be provided in the most effective manner outside a correctional facility.

Kinds of Sentences Available

As noted above, Subleski is eligible for probation. According to the United States Probation Office, there is no applicable guideline offense level. The Court may, at its discretion, impose a term of supervised release of not more than three (3) years.

The Need to Avoid Unwarranted Sentence Disparities

Subleski's binding 11(c)(1)(C) Plea Agreement will result in him serving over five and one-half months imprisonment, and supervised release at the discretion of the Court. There is no applicable sentencing guideline. Subleski will not be sentenced any different than other defendants with similar records, who have been guilty of similar conduct.

Need to Provide Restitution

The United States Probation Office has not received any victim impact statements, or requests for restitution.

Conclusion

Based on the foregoing, and considering the nature and circumstances of Subleski's offense of conviction - - the Riot Act - - and balanced against his personal history and characteristics, the recommended sentence by the Government and Subleski of time served, followed by up to three (3) years of supervised release, is a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 3553(a). Subleski requests the Court to accept and follow the recommended sentence of the parties.

Respectfully Submitted,

/s/ Patrick J. Renn
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600 (fax)
prenn@600westmain.com

### CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2021, I electronically filed with the Clerk of the Court by using the CM/ECF system, which will serve notice of electronic filing to all attorneys of record.

/s/ Patrick J. Renn
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600 (fax)
prenn@600westmain.com