UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 3:21CR00022-1 |
| JOHN SUBLESKI | DEFENDANT |

UNITED STATES SENTENCING MEMORANDUM

*Electronically Filed*

The United States submits this sentencing memorandum. The United States respectfully requests leave of the Court to file this memorandum late.

### I. SUMMARY OF OFFENSE CONDUCT

The United States agrees with offense conduct in the PSR.

### II. SENTENCING GUIDELINES AND CRIMINAL HISTORY

The United States agrees with the PSR that there is no applicable guideline in this case. In addition, the criminal history shows only one criminal history point making the defendant a criminal history category I.

### III. 18 U.S.C. SECTION 3553(a) FACTORS

By all accounts, the facts of this case were of first impression with unusual circumstances occurring in an unprecedented time. The context of Subleski's criminal behavior occurred in a challenging time for the community and law enforcement. There were challenges with the local responses leading to federal involvement to protect the public.

In this case both parties assessed risks and challenges to litigate the matter and those challenges are reflected by the parties' agreement. From the perspective of the government, the particular facts of this prosecution are advantageous, but the charge is rarely used, generally untested, and creates potential risks on appeal. In this agreement, the defendant would be waiving

his right to appeal the sentence and conviction, which are considerable concessions to the government in this case.

Importantly, in respectfully requesting the court to accept the resolution, there was little to no guidance from the Sentencing Guidelines as to what the appropriate resolution should be. While the parties could look to other cases under the riot act, none would be sufficiently analogous to guide the parties. Therefore, the parties were left to negotiate a good faith resolution. The resolution saves the expense and resources for the parties and the Court of litigation, trial, and post-conviction litigation.

The resolution presented to the court by the parties in an agreement protects the public and punishes the defendant. In addition, a term of supervised release with conditions will continue to protect the public from any danger that Subleski may present. Under the factors in 18 U.S.C. 3553(a), the history and characteristics of Subleski support the proposed resolution. Subleski has never served more than minor jail time. In this case, he has been incarcerated since February 2020. Subleski has served over five month's in prison for his actions. Individual's like Subleski, with minor to no criminal history, would be deterred by such repercussions for criminal behavior. In addition, Subleski has received punishment for his criminal behavior and will continue to be subject to supervision by the United States Probation for his term of supervised release. Subleski will be required to forfeit his firearms and other property as part of his penalty. The United States respectfully requests the Court impose conditions of release to include restrictions on social media and internet usage and whatever other restrictions the Court deems necessary. He will also become a convicted felon. Therefore, he will no longer be allowed to legally possess firearms which he has shown he cannot responsibly own.

At the time of Subleski's behavior, Louisville was still experiencing challenging times due to violent activity some related to protests. All parties want to put that time behind us. Importantly, the culminating result of Subleski's arrest and prosecution was to likely save his life or the life of

someone that could have been impacted by as his behavior with firearms as it continued to escalate.

The United States respectfully requests the court accept the plea agreement as it believes it is in the interests of justice.

Respectfully submitted,

MICHAEL A. BENNETT
Acting United States Attorney


s/Joshua Judd
Joshua Judd
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
PH:  (502) 582-5911


**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for John Subleski.

s/Joshua Judd
Joshua Judd
Assistant U.S. Attorney